


## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3030 | **DATE** | 10/17/2001 |
| **CASE TITLE** | Valerie Jo Colvett etc. Vs. Global Real Estate etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant now asks us to vacate that judgment. That motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 1 8 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 10 |
| | Copy to judge/magistrate judge. | | | |
| | | ...ING  01 OCT 17 PM 5: 19 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 1 8 2001

VALERIE JO COLVETT, as Managing )
Director of International Union of )
Operating Engineers, Local 399 Health )
and Welfare Trust, )
)
Plaintiff, )
)
vs. ) No. 01 C 3030
)
GLOBAL REAL ESTATE INVESTORS, )
LLC, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff sued on April 27, 2001, for delinquent welfare plan contributions for the period January 1, 2000 through March 31, 2001, in the amount of $6,679. Defendant entered an appearance on May 16, 2001, and obtained an extension of time to answer or otherwise plead until June 1, 2001. It did not, however, answer or otherwise plead by June 1, 2001, or at any time thereafter. We were advised at a status on June 25, 2001, that the parties were talking, and at a status on July 26, 2001, that the matter was not quite gone. Defendant's counsel was apparently not in court either time. The next status was thereafter set for August 31, 2001. Four days before that date plaintiff filed a motion for a default judgment, noticed up for August 30, 2001. That motion recited that defendant appeared to have satisfied its delinquent health and welfare obligations after suit was filed (and it undoubtedly had), but that it had not paid fees and costs of $3,107. It appended an affidavit representing that 15.7 hours had been expended, a total of $2,890, and that costs were $217. Defendant's counsel did not appear August 30, 2001, and we entered the judgment.

Defendant now asks us to vacate that judgment. That motion is denied.



The burden of defendant's motion is that the suit was filed "without making any appropriate demand on the Defendant for amounts due under the contract" (defendant does not indicate what it means by that – nor is the motion verified – but it does indicate that some demand was made, even though defendant did not consider it appropriate); that it had agreed to pay the delinquent contributions both before and after suit was filed but not the fees and costs; and that it paid the delinquent contributions before the motion for default was filed. It also complains about the manner in which notice of that motion was provided and the amount of the fees. In short, it believes that it should not have to pay any fees or costs because the suit was unnecessary or, at the least, plaintiff should have to furnish better substantiation of the fees claim.

The amount involved is, by federal case standards, rather modest, and we cannot say that 15.7 hours, from start to finish, is an unreasonable amount of time. If we now open this up, defendant will in all likelihood have to pay the additional fees incurred by plaintiff. What we do know is that the contributions had not been paid when suit was filed, that defendant paid the contributions thereafter but otherwise ignored the lawsuit, and that it did have notice of the motion for fees and costs but did not appear. Nothing suggests that plaintiff misled the defendant. In those circumstances we are not disposed to vacate the judgment, particularly as a revisiting of the matter could well lead to additional expense for defendant for its own counsel and for counsel for the plaintiff.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 17, 2001.